IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ahmad Muhammad-Ali, a/k/a James Muhammad,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>Ku Kluxs Klans;[1] Department of Mental Health; Correct Care Solutions; Aiken County; The State of South Carolina; Aiken Public Safety; Aiken County Sheriff's Department; North Augusta Public Safety; Bucanan Auto; and Aiken County Detention Center,<br><br>　　　　　　Defendants. | C/A No.: 1:15-308-MGL-SVH<br><br><br><br><br><br><br>REPORT AND RECOMMENDATION |

　　　Ahmad Muhammad-Ali ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action, which the court construes as brought pursuant to 42 U.S.C. § 1983. Plaintiff sues the Department of Mental Health, Correct Care Solutions, Aiken Public Safety, Aiken County Sheriff's Department, Aiken County Detention Center, Bucanan Auto, Ku Klux Klan, Aiken County, the State of South Carolina, and North Augusta Public Safety ("Defendants").

　　　Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. On February 13,

---

[1] The court assumes that Plaintiff is referring to the organization known as the Ku Klux Klan.

2015, the undersigned issued a report and recommendation that recommended Plaintiff's complaint be summarily dismissed. [ECF No. 9]. On February 19, 2015, Plaintiff filed an amended complaint. [ECF No. 11]. On July 2, 2015, The Honorable Mary G. Lewis, United States District Judge, ordered that the undersigned's February 13, 2015, report and recommendation be rendered moot in light of Plaintiff's amended complaint. [ECF No. 31]. Therefore, this matter is before the undersigned on initial review of Plaintiff's amended complaint. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

As in Plaintiff's original complaint [ECF No. 1], many of the allegations in Plaintiff's amended complaint [ECF No. 11] are nonsensical. Plaintiff claims Defendants have cyberbullied him, his family and friends, the black community, and whites who are less fortunate. [ECF No. 11 at 3]. Plaintiff alleges Defendants have repeatedly "grown-napped" him from his places of business since 1993 because of his desire to work to gain financial power and revenue for his family. *Id.* Plaintiff argues he "became under attack by Ku Kluxs Klans affiliants in the authority system." *Id.* Plaintiff requests that "the cloners and identity thieves restore [his] good name and [his] legally owned properties back to [his] original care and possession and amend all, that, was stolen from [him] and [his] family." *Id.* at 4 (errors in original). Plaintiff also asks that Ku Klux Klan members "deplore from our country and be probated for life and or life in prison or and the death penalty for bringing [continuous] threats on [his] life and families and the black

2

community . . . and for repeatedly violating [him]. . . ." *Id.* Plaintiff states he is a federal agent and is secret service for President Obama, and states he would like treason charges filed "on the corrupt authorities and members of Ku Kluxs Klans and corrupt businessman." *Id.*

Additionally, Plaintiff alleges Bucanan Auto illegally seized his vehicle leading to Plaintiff "coming outside with [his] F.B.I. clearance firearm and [his] habeas corpus confinement at Correct Care Solutions." [ECF No. 22]. Plaintiff claims Aiken Public Safety failed to take his police report or to "accomplish subjects who claimed to be repo men who took [his] vehicle for a joy ride" and tried to cash Plaintiff's business checks. *Id.* Plaintiff also sues North Augusta Public Safety, Aiken Public Safety, and Aiken Sheriff's Department for "aiding and abetting criminals with illegal activities." *Id.* Plaintiff further claims Aiken County and the State of South Carolina "allow[ed] criminal domestic violence to continue." *Id.* Plaintiff contends Aiken County Detention Center failed to treat him for an infection he received after being raped by another inmate. *Id.* Plaintiff also alleges he inherited an estate in the summer of 1993 and he "brought a file cabinet that consist of old stocks and bond[,] the original coca cola recipe[,] and a roster with a list of names who were affiliated with the organization Ku Kluxs Klans." [ECF No. 23].

II.  Discussion

   A.  Standard of Review

Plaintiff filed this amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

3

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Liberally-construed, Plaintiff's amended complaint attempts to state causes of action pursuant to 42 U.S.C. § 1983, as he states he is "attempting to litigate false imprisonment and habeas corpus and repeated criminal domestic violence by

Defendants." [ECF No. 11 at 2].[2] However, Plaintiff has failed to allege sufficient facts to support a § 1983 claim against Defendants.

> 1. Insufficient Factual Allegations (Department of Mental Health and Correct Care Solutions)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff provides no factual allegations regarding Department of Mental Health and Correct Care Solutions. Accordingly, these defendants are entitled to summary dismissal from this action.

> 2. Eleventh Amendment Immunity (The State of South Carolina and Aiken County Sheriff's Department)

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999);

---

[2] Plaintiff has not set forth any other basis for this court's subject matter jurisdiction. He makes no allegations based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and fails to specify a federal cause of action. Although Plaintiff references "habeas corpus" [ECF No. 11 at 2], he has not provided any information providing a basis for release from confinement.

*Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[3] As the state of South Carolina is immune from Plaintiff's claims for damages or injunctive relief under § 1983, it is entitled to summary dismissal from the action on this basis.

The Aiken County Sheriff's Department is also entitled to Eleventh Amendment Immunity. Sheriffs' departments in South Carolina have repeatedly been held to be exempt from § 1983 liability, as they are considered state agencies. *See, e.g., Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."); *see also Wirtz v. Oconee Cnty. Sheriff's Dep't*, No. 8:13-1041-RMG, 2013 WL 5372795, at * 1 (D.S.C. Sept. 24, 2013) ("Under South Carolina law, a sheriff's department is a state agency, not a department under the control of the county. . . . Therefore Plaintiff's § 1983 claim for . . . damages against the Sheriff's Department must

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

be dismissed."). As such, § 1983 claims asserted against sheriffs' departments are barred by the Eleventh Amendment. *See Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 n.8 (4th Cir. 2005) ("Eleventh Amendment immunity extends to state agencies and other governmental entities that can be viewed as 'arm[s] of the State.'" (citation omitted)). Therefore, the undersigned recommends that the Aiken County Sheriff's Department also be summarily dismissed.

### 3. Improper Defendant (Aiken County Detention Center)

It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names the Aiken County Detention Center, which is a facility used primarily to house detainees awaiting trial in state court. Because the Aiken County Detention Center is not a person amenable to suit under § 1983, Plaintiff's complaint against it should be summarily dismissed.

    4.  Municipality Liability (Aiken County, Aiken Public Safety, and North Augusta Public Safety)

A municipality or other local government entity may only be held liable under § 1983 "where the constitutionally offensive acts of [] employees are taken in furtherance of some municipal 'policy or custom.'" *See Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *see also Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury.'") (citing *Monell*, 436 U.S. at 694). Further, the doctrine of *respondeat superior* is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. *Monell*, 436 U.S. at 694–95. Plaintiff fails to identify any governmental policy or custom of Aiken County, Aiken Public Safety, or North Augusta Public Safety that caused his constitutional rights to be violated. Plaintiff's claims against these defendants are subject to summary dismissal. *See Ashcroft v. Iqbal*, 556 U.S. at 678–79.

    5.  No State Action (Ku Klux Klan and Bucanan Auto)

Plaintiff provides insufficient facts to demonstrate the Ku Klux Klan and Bucanan Auto are state actors. *See Davis v. Prometric, Inc.*, No. 13-3611-MBS, 2014 WL 4716493, *4 (D.S.C. Sept. 22, 2014) (finding that Plaintiff's assertion of state action was speculative and unsupported by factual allegations and therefore insufficient to establish

defendant was a state actor). Because purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under § 1983, Plaintiff's claims against the Ku Klux Klan and Bucanan Auto are subject to summary dismissal. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the case without prejudice and without issuance and service of process. The undersigned also recommends Plaintiff's motion to amend [ECF No. 24] be denied as futile, as it does not state any claims cognizable in federal court.

IT IS SO RECOMMENDED.

August 13, 2015                                    Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).